UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BURKE,<br><br>           Plaintiff,<br><br>      v.<br><br>DR. MICHELE DITOMAS, et al.,<br><br>           Defendant. | No. 2:18-cv-01578-WBS CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), her request will be granted.

**I.    Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

   In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

   Plaintiff alleges that five doctors at the California Medical Facility denied her father, Michael Wanless, a blood test for a period of 18 months after his surgery and treatment for Stage III colon cancer. ECF No. 1 at 5. Once her father was provided a follow-up blood test, it was revealed that his cancer was back and had progressed to Stage IV. Id. The cancer spread through his entire body eventually resulting in his paralysis and death. Id. Plaintiff also alleges that Warden Robert Fox and the C.D.C.R. Director Scott Kernan, also named as defendants, failed to respond to her father's serious medical needs after they were notified by letter of his condition. Id. at 6-8. Plaintiff seeks monetary and punitive damages due to the death of her father from

cancer while in C.D.C.R. custody. Id. at 10.

**III.    Discussion**

Plaintiff's allegations against Defendants Dr. Michele Ditomas, Dr. Gill, Dr. Mathis, Dr. Bick, and Dr. McAllister are sufficient at the screening stage to state an Eighth Amendment claim of deliberate indifference to the serious medical needs of Michael Wanless. These defendants will be required to respond to the complaint.

As to defendants Fox and Kernan, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). Plaintiff's allegations fail to establish the personal involvement of these defendants or their causal connection to the day-to-day medical decisions at the prison where her father was treated. Id. While supervisory liability may be based on the implementation of a policy that is "so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation," here there is no such allegation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (internal citations and quotation marks omitted). Plaintiff will be given the opportunity to file an amended complaint to attempt to state a claim against these defendants.

Additionally, there are no allegations linking defendants Dr. Dhillon and Michael Felder to any of the constitutional violations asserted in the complaint. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Accordingly, the allegations in the complaint fail to

3

state a claim against defendants Dr. Dhillon and Michael Felder. Plaintiff will be granted leave to file an amended complaint in order to state a claim against these additional defendants.

**IV.  Leave to Amend**

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Fox, Kernan, Dhillon, and Felder. However, it appears that plaintiff may be able to allege facts to remedy this and she will be given the opportunity to amend the complaint if she desires.

In the alternative, plaintiff may proceed only on the Eighth Amendment deliberate indifference claim against defendants Dr. Michele Ditomas, Dr. Gill, Dr. Mathis, Dr. Bick, and Dr. McAllister. Plaintiff will be required to complete and return the attached notice advising the court how she wishes to proceed. If plaintiff chooses to amend the complaint, she will be given thirty days to file an amended complaint. If plaintiff elects to proceed on her claims against Dr. Ditomas, Dr. Gill, Dr. Mathis, Dr. Bick, and Dr. McAllister, the court will proceed to order service on these defendants. A decision to go forward without amending the complaint will be considered a voluntary dismissal without prejudice of the claims against defendants Fox, Kernan, Dhillon, and Felder.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of her father's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

4

1 | general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
2 | F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
3 | longer serves any function in the case. Therefore, in an amended complaint, as in an original
4 | complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V. Plain Language Summary for Pro Se Party

Since plaintiff is acting as her own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not. Your claims against defendants Fox and Kernan do not state a claim because you have not explained what they did to violate the rights of your father. The fact that these defendants were employed as supervisors is not enough. Additionally, there are no allegations linking defendants Dr. Dhillon or Michael Felder to the asserted constitutional violations. For these reasons, the Eighth Amendment claims against these defendants are being dismissed. However, you may choose to file an amended complaint to try to fix these problems.

You must now decide if you want to (1) proceed immediately on your Eighth Amendment claims against defendants Dr. Ditomas, Dr. Gill, Dr. Mathis, Dr. Bick, and Dr. McAllister and voluntarily dismiss the other claims or (2) try to amend the complaint to state claims against the remaining defendants. Once you decide, you must complete the attached Notice of Election form by checking only one of the appropriate boxes and return it to the court. Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. Any claims not in the first amended complaint will not be considered.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted (ECF No. 2).

2. The allegations against Defendants Fox, Kernan, Dhillon, and Felder are dismissed

with leave to amend for failing to state a claim.

    3. Plaintiff has the option to proceed immediately on the Eighth Amendment deliberate indifference claim against defendants Dr. Ditomas, Dr. Gill, Dr. Mathis, Dr. Bick, and Dr. McAllister, or plaintiff may choose to amend the complaint.

    4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether she wants to proceed on the screened complaint or whether she wants time to file a first amended complaint.

Dated: February 8, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/burk1578.eService Order.docx

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BURKE,<br><br>        Plaintiff,<br><br>v.<br><br>DR. MICHELE DITOMAS, et al.,<br><br>        Defendants. | No. 2:18-cv-01578 WBS CKD P<br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check **one** option:

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth Amendment deliberate indifference claims against defendants Dr. Ditomas, Dr. Gill, Dr. Mathis, Dr. Bick, and Dr. McAllister; **or**,

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

                                                                             _____

                                                                             Plaintiff