1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHELLE BURKE,                                No.  2:18-cv-01578 WBS CKD P

12                   Plaintiff,

13          v.                                       FINDINGS AND RECOMMENDATIONS

14    DR. MICHELE DITOMAS, et al.,

15                   Defendants.

16

17          Plaintiff is a former state prisoner proceeding through counsel in this federal civil rights

18    action filed pursuant to 42 U.S.C. § 1983.  This action was initiated by plaintiff, one of the

19    surviving children of Michael Wanless, who died in state custody after he was diagnosed with

20    Stage Four colon cancer.  See ECF No. 20 at 2, 4 (first amended complaint).  This case is

21    proceeding on an Eighth Amendment deliberate indifference claim against defendants Dr.

22    Dhillon, Dr. McAllister, Dr. Gill, Dr. Ditomas, Dr. Bick, and Dr. Mathis; a Fourteenth

23    Amendment due process claim based on interference with plaintiff's familial relationship by these

24    same six defendants; and, a state law claim of wrongful death against defendants Dr. Dhillon, Dr.

25    McAllister, Dr. Gill, Dr. Ditomas and Dr. Bick.  See ECF No. 21 (screening order).   Currently

26    pending before the court is defendants' motion for summary judgment.  ECF No. 41.  Although

27    this motion was properly noticed for a hearing on July 28, 2021, plaintiff's counsel failed to

28    appear and the matter was deemed submitted on the papers.  ECF No. 46.  For the reasons

                                                   1

1   explained below, the undersigned recommends granting defendants' motion for summary

2   judgment.

3   **I.      Defendants' Motion for Summary Judgment**

4          On June 10, 2021, defendants filed a motion for summary judgment.  ECF No. 41.  As an

5   initial matter, defendants contend that plaintiff lacks standing to bring this suit because she is not

6   the successor-in-interest to Mr. Wanless.  See Cal. Code of Civil P. §§ 337.30, 377.11 (defining a

7   successor-in-interest as "the beneficiary of the decedent's estate.").  Defendants challenge

8   plaintiff's standing because Mr. Wanless was survived by both of his parents as well as one sister.

9   With respect to the Eighth Amendment claim, defendants assert that they are entitled to summary

10  judgment because the evidence demonstrates that they "exercised appropriate medical judgment

11  in determining how to treat [Mr.] Wanless."  ECF No. 41 at 8.  The undisputed material facts

12  demonstrate that defendants did not violate plaintiff's Fourteenth Amendment right to due

13  process because they acted reasonably and did not engage in any conduct that shocked the

14  conscience.  ECF No. 41 at 8.  They are entitled to summary judgment on the wrongful death

15  cause of action because they were not the cause of Mr. Wanless's death.  Id.  Cancer killed Mr.

16  Wanless and not any deliberate indifference on the part of defendants.

17         In opposition to the summary judgment motion, plaintiff concedes that she has not filed

18  the required declaration establishing that she is her father's successor-in-interest.  ECF No. 42 at

19  5.  However, she seeks "a reasonable opportunity to cure her error."  ECF No. 42 at 6.  Plaintiff

20  insists that there is a triable issue of fact as to the existence of Mr. Wanless's serious medical

21  needs.  ECF No. 42 at 7-8.  According to plaintiff, defendants "were continually non-responsive

22  to the Decedent's complaints and physical suffering."  ECF No. 42 at 8.  After being placed on

23  hospice care for his terminal cancer, plaintiff asserts that he was only provided "Moltrin" for pain

24  relief.  ECF No. 42 at 9 (citing Wanless complaint page 3, lines 1-25).  Therefore, "a reasonable

25  jury might conclude that the absence of any medical treatment (other than moltrin) to deal with

26  the extreme pain and suffering by the Decedent as he was slowly dying, amounted to deliberate

27  indifference."  ECF No. 42 at 9.  In support of the Fourteenth Amendment due process claim,

28  plaintiff submitted a one page affidavit describing her relationship with her father as

2

1    "affectionate."  ECF No. 42-1 at 2.  Plaintiff is dismissing the third claim for relief based on

2    wrongful death.  ECF No. 42 at 12.

3          In their reply, defendants assert that the Wanless complaint submitted in opposition to

4    summary judgment was declared a legal nullity by this court in a different case, and therefore

5    cannot be used as an opposing affidavit.  See Wanless v. Ditomas, et al., Case No. 2:16-cv-

6    01671-TLN-EFB (E.D. Cal. August 11, 2016) (dismissing complaint because it was filed after

7    plaintiff's death).   Defendants concede that Mr. Wanless had a serious medical need based on his

8    diagnosis of terminal colon cancer.  ECF No. 44 at 2-3.  To the extent that "the Eighth

9    Amendment claim before the Court is that the Moving Defendants did not provide medical

10   treatment to Mr. Wanless," plaintiff does not submit a single page of his prison medical records in

11   support of this "patently false" claim.  ECF No. 44 at 3.  Although plaintiff submits a single page

12   declaration stating that she had a close relationship with her father, she failed to produce any of

13   the purported letters that he wrote to family members documenting this.  ECF No. 44 at 4.

14   **II.     Legal Standards**

15        **A.  Summary Judgment Standards Under Rule 56**

16        Summary judgment is appropriate when it is demonstrated that there "is no genuine

17   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

18   Civ. P. 56(a).  A party asserting that a fact cannot be disputed must support the assertion by

19   "citing to particular parts of materials in the record, including depositions, documents,

20   electronically stored information, affidavits or declarations, stipulations (including those made for

21   purposes of the motion only), admissions, interrogatory answers, or other materials…."  Fed. R.

22   Civ. P. 56(c)(1)(A).

23        Summary judgment should be entered, after adequate time for discovery and upon motion,

24   against a party who fails to make a showing sufficient to establish the existence of an element

25   essential to that party's case, and on which that party will bear the burden of proof at trial.  See

26   Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an

27   essential element of the nonmoving party's case necessarily renders all other facts immaterial."

28   Id.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party

to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute.  See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts....  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

4

1  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

2  **B.   Deliberate Indifference to a Serious Medical Need**

3  Denial or delay of medical care for a prisoner's serious medical needs may constitute a

4  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

5  97, 104–05 (1976).  An individual is liable for such a violation only when the individual is

6  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

7  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

8  Smith, 203 F.3d 1122, 1131–32 (9th Cir. 2000).

9  In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

10  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

11  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

12  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

13  condition could result in further significant injury or the 'unnecessary and wanton infliction of

14  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

15  existence of an injury that a reasonable doctor or patient would find important and worthy of

16  comment or treatment; the presence of a medical condition that significantly affects an

17  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F.3d at

18  1131–1132, citing McGuckin, 974 F.2d at 1059–60.

19  Second, the plaintiff must show the defendant's response to the need was deliberately

20  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

21  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

22  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

23  which the inference could be drawn that a substantial risk of serious harm exists," but that person

24  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

25  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

26  showing of merely negligent medical care is not enough to establish a constitutional violation.

27  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105–106.  A

28  difference of opinion about the proper course of treatment is not deliberate indifference, nor does

5

1  a dispute between a prisoner and prison officials over the necessity for or extent of medical

2  treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058

3  (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Furthermore, mere delay of

4  medical treatment, "without more, is insufficient to state a claim of deliberate medical

5  indifference."  Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

6  Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

7  prisoner must show that the delay caused "significant harm and that Defendants should have

8  known this to be the case."  Hallett, 296 F.3d at 745–46; see McGuckin, 974 F.2d at 1060.

9              **C.  Substantive Due Process**

10      "The Fourteenth Amendment prohibits states from 'depriv[ing] any person of life, liberty,

11  or property, without due process of law.'"  Newman v. Sathyavaglswaran, 287 F.3d 786, 789 (9th

12  Cir. 2002) (quoting U.S. Const. amend. XIV, § 1).  The substantive protections of the Fourteenth

13  Amendment protect the liberty interest in familial companionship and association from

14  unwarranted governmental interference.  See Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir.

15  2010); Crowe v. Cnty. of San Diego, 608 F.3d 406, 441 & n. 23 (9th Cir. 2010).  This liberty

16  interest in familial companionship includes the familial relationship between parents and children.

17  Curnow By and Through Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991).  In

18  order to demonstrate a substantive due process violation, plaintiff must allege that the liberty

19  deprivation was caused by the government "in such a way that 'shocks the conscience' or

20  'interferes with rights implicit in the concept of ordered liberty.'"  Nunez v. City of Los Angeles,

21  147 F.3d 867, 871 (9th Cir. 1998) (citations omitted); see also Schwartz v. Lassen Cnty. ex rel.

22  Lassen Cty. Jail, No. 2:10-cv-03048-MCE-CMK, 2013 WL 5375588, at *5 (E.D. Cal. Sept. 24,

23  2013)).  "Where a claim for interference with familial relationships is integrally predicated upon,

24  or entwined with, other conduct that is alleged to be unconstitutional, a finding that the other

25  conduct was constitutional generally will preclude recovery for interference with familial

26  relationship."  Robbins v. City of Hanford, No. 1:04-cv-06672-AWI-SMS, 2006 WL 1716220,

27  *14 (E.D. Cal. June 19, 2006) (citing Gausvik v. Perez, 392 F.3d 1006, 1008 (9th Cir. 2004).

28  /////

III.    **Statement of Undisputed Facts**

At the outset, the court notes that plaintiff has failed to file a separate document disputing defendants' statement of undisputed facts as required by Local Rule 260(b).  While the court has considered the sworn statements made by Mr. Wanless as part of a prior § 1983 complaint, the portions of it which are legal conclusions, speculative assertions, or hearsay do not satisfy the standards of personal knowledge, admissibility, and competence as required by Rule 56(c)(4) of the Federal Rules of Civil Procedure.  See also Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007); Blair Foods, Inc. v. Ranchers Cotton Oil, 610 F.2d 665, 667 (9th Cir. 1980).  For all these reasons, defendants' separate statement of undisputed facts is deemed admitted except where brought into dispute by Mr. Wanless's verified compliant.  See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

A.    **Defendants' Separate Statement of Undisputed Facts ("DSUF")**

In 2011, inmate Michael Wanless was diagnosed with stage IIIA colon cancer.  DSUF ¶ 2. Based on this diagnosis, Mr. Wanless underwent a sigmoid colectomy surgery on November 23, 2011 which resulted in the use of a colostomy bag.  DSUF ¶ 3.  His follow-up care included regular carcinoembryonic antigen ("CEA") blood tests which were consistently less than 1 nanogram per milliliter ("ng/mL").  DSUF ¶ 4-5.  The CEA test on or about January 23, 2013 was 0.5 ng/ML.  DSUF ¶ 6.  In September 2013, Mr. Wanless's CEA level was 0.6 ng/mL.  DSUF ¶ 7.  When tested again in January of 2014, Mr. Wanless's CEA level was 0.5 ng/mL.  DSUF ¶ 8.

Mr. Wanless did not return for follow-up treatment until February 2015 when his CEA level was 5.3 ng/mL.  DSUF ¶ 9-10.  Because Mr. Wanless had a normal complete blood count ("CBC") as well as a normal comprehensive metabolic panel ("CMP"), he was determined to still be asymptomatic in February 2015.  DSUF ¶ 11-13.

When his blood was tested again on June 4, 2015, Mr. Wanless's CEA level was 10.3 ng/mL.  DSUF ¶ 14.  Another CEA test performed on June 24, 2015 indicated a level of 10.4 ng/mL.  ¶ 17.  In response, a recommended CT scan of Mr. Wanless's chest, abdomen and pelvis was performed on June 24, 2015.  DSUF ¶ 15.  This CT scan showed a recurrence of cancer that had metastasized in his lungs and liver.  DSUF ¶ 16.  At this point, Mr. Wanless was diagnosed

7

1  with stage IV colon cancer.  DSUF ¶ 18.

2        He received one session of chemotherapy and then declined further treatment.  DSUF ¶

3  19-20.  Mr. Wanless then began to receive palliative and hospice care.  DSUF ¶ 21.  Mr. Wanless

4  expressed an understanding that he would not receive additional hospital treatment beyond that of

5  palliative care, and he executed do not resuscitate orders.  DSUF ¶ 23, 36.  According to

6  defendants, Mr. Wanless was provided with high-dose morphine and other pain relieving drugs to

7  manage his pain while on hospice.  ECF No. 41-10 at 9, 15-16, 31.  His treatment for his colon

8  cancer complied with the relevant medical standards of care for an individual with his diagnosis.

9  DSUF ¶ 33.

10        Mr. Wanless requested compassionate release which defendants supported.  DSUF ¶ 24.

11  His compassionate release plan did not involve plaintiff because she was incarcerated at the time.

12  DSUF ¶ 26.  Plaintiff reached out to Mr. Wanless and she was able to speak with him by phone

13  on three occasions in the months before his death.  DSUF ¶ 27; ECF No. 41-10 at 35.

14        On June 13, 2016, Mr. Wanless died of natural causes (i.e. cancer).  DSUF ¶ 1.  His

15  mother took possession of Mr. Wanless's body from the Evin's Funeral Home.  ECF No. 41-9 at

16  14.

17        **B.  Plaintiff's Disputed Facts**

18        In a verified complaint signed on June 7, 2016, Mr. Wanless asserted that defendant

19  Dillon "took no proactive initiatives" to correct his "incontinence, involuntary bowel movements,

20  and limited movement due to neuropathy" following his 2011 surgery for colon cancer.[1]  ECF

21  No. 42-2 at 3.  According to Mr. Wanless, defendant McAllister assured him that he was cancer

22  free despite complaints of increasing internal pain.  ECF No. 42-2 at 3.  According to Mr.

23  Wanless, defendant Mathis ignored his pain and only provided Motrin for two months while he

24  was on hospice.  ECF No. 42-2 at 3.

25        According to plaintiff, she had an "affectionate relationship with her father before his

26

27  _____
   [1] Because the complaint was signed under penalty of perjury, it is treated as an affidavit in
   opposition to defendants' motion for summary judgment.

28

1   death.  ECF No. 42-1 at 2 (Affidavit of Michelle Burke).  She was looking forward to being able

2   to visit with Mr. Wanless upon her release from prison.  ECF No. 42-1 at 2.  As a result of his

3   death, she has suffered depression and anxiety.  Id.

4   **V.  Analysis**

5       In light of plaintiff's request for a reasonable opportunity to cure her lack of standing, the

6   court turns first to the merits of the pending summary judgment motion.  At the outset, the court

7   notes that plaintiff concedes that dismissal of claim three, alleging the wrongful death of Mr.

8   Wanless, is appropriate.  ECF No. 42 at 12.  The court construes plaintiff's concession as a

9   motion to voluntarily dismiss claim three.  See Fed. R. Civ. P. 41(a)(2).  So construed, plaintiff's

10  motion is granted.  Therefore, discussion of the pending summary judgment motion is limited to

11  the remaining two claims for relief.

12      The undersigned finds that defendants have met their initial burden of informing the court

13  of the basis for their motion and identifying those portions of the record which they believe

14  demonstrate the absence of a genuine issue of material fact.  The burden therefore shifts to

15  plaintiff to establish the existence of a genuine issue of material fact with respect to the deliberate

16  indifference and substantive due process claims against defendants.  See Matsushita Elec. Indus.,

17  475 U.S. at 586 (1986).

18      The court notes that the only evidence in opposition to summary judgment submitted by

19  plaintiff concerns actions by defendants Dhillon, McAllister, and Mathis.  See ECF No. 42-2 at 3

20  (Wanless complaint).  Plaintiff has failed to come forward with even a scintilla of evidence to

21  oppose the summary judgment motion by defendants Bick and Ditomas.  Therefore, defendants

22  Bick and Ditomas are entitled to summary judgment.

23      The court has reviewed Mr. Wanless's verified complaint and plaintiff's opposition to

24  defendants' pending motion.  Drawing all reasonable inferences from the evidence submitted in

25  plaintiff's favor, the court concludes that plaintiff has not submitted sufficient evidence at the

26  summary judgment stage to create a genuine issue of material fact with respect to his claim that

27  defendants violated his rights under the Eighth Amendment.  A mere scintilla of evidence is not

28  sufficient "to defeat a properly supported motion for summary judgment; instead, the nonmoving

9

1   party must introduce some 'significant probative evidence tending to support the complaint.'"

2   Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson

3   v. Liberty Lobby, Inc., 477 U.S. 242, 249, 252 (1986)).

4         First and foremost, there is no dispute that Mr. Wanless's cancer diagnosis was a serious

5   medical need.  The only genuine issue concerns whether the response to that need by defendants

6   Dhillon, McAllister, and Mathis constituted deliberate indifference.  See Farmer, 511 U.S. at 834;

7   Estelle, 429 U.S. at 106.  The evidence in opposition to summary judgment tendered with respect

8   to defendant Dhillon indicates that he took no measures to correct Mr. Wanless's incontinence

9   and neuropathy following his 2011 surgery.  However, plaintiff does not identify what

10   specifically could have been done or submit evidence from a medical expert that further steps

11   were not only medically necessary, but would have remedied Mr. Wanless's post-surgical issues.

12   "In order to prevail on a claim involving choices between alternative courses of treatment, a

13   plaintiff must show that the course of treatment the doctors chose was medically unacceptable

14   under the circumstances and that they chose this course in conscious disregard of an excessive

15   risk to plaintiff's health.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (affirming

16   summary judgment where evidence showed difference of medical opinion as to choice of one

17   drug over another).  Here, the evidence in opposition to summary judgment does not even rise to

18   the level of a difference of medical opinion because plaintiff does not show any other potential

19   course of treatment.  Therefore, plaintiff has not submitted sufficient evidence to create a genuine

20   issue of material fact that defendant Dhillon responded to Mr. Wanless's medical issues with

21   deliberate indifference.

22         With respect to defendant Mathis, plaintiff opposes summary judgment on the basis that

23   he only provided Motrin for Mr. Wanless's pain after he was placed on hospice care.  However,

24   the record evidence before the court indicates that Mr. Wanless received morphine in addition to

25   other pain relieving drugs like Motrin to manage his pain while on hospice.  Plaintiff submitted

26   no expert medical evidence indicating that the combination of morphine along with other pain

27   relievers for terminal cancer was medically unacceptable.  Without any countervailing medical

28   evidence, plaintiff's evidence does not even demonstrate a difference of opinion on the type of

1  pain medication given to plaintiff, much less an Eighth Amendment violation.  Absent any

2  evidence of a purposeful failure to respond to Mr. Wanless's pain by defendant Mathis, there is

3  no genuine issue of material dispute on the deliberate indifference claim.  See Jett, 439 F.3d at

4  1096 (emphasizing that pain alone is not sufficient to meet the Ninth Circuit's deliberate

5  indifference test).

6       Plaintiff's evidence concerning defendant McAllister does not demonstrate any genuine

7  issue of fact that is material to the Eighth Amendment deliberate indifference claim.  Mr.

8  Wanless's general assertion that defendant McAllister assured him that he was cancer free is

9  consistent with the medical records and diagnostic testing from November 2011 through June

10  2015, when he was diagnosed with stage IV colon cancer.  Absent any evidence indicating what

11  time period defendant McAllister opined that Mr. Wanless was cancer free, there is no genuine

12  issue of material fact preventing summary judgment.

13       With respect to the Fourteenth Amendment substantive due process claim, plaintiff has

14  not provided even a scintilla of evidence that defendants' conduct in treating Mr. Wanless would

15  shock the conscience.  While plaintiff has come forward with evidence demonstrating a familial

16  relationship with Mr. Wanless, that is not sufficient to survive summary judgment and warrant a

17  trial on the Fourteenth Amendment claim.  Because the undersigned has concluded that

18  defendants were not deliberately indifferent to Mr. Wanless's medical needs, plaintiff's claim

19  based on the loss of her familial relationship with him necessarily fails as well.  Gausvik v. Perez,

20  392 F.3d at 1008.  Therefore, defendants are entitled to summary judgment on the Fourteenth

21  Amendment substantive due process claim.

22       In the interests of judicial economy and based on the above analysis, the court finds it

23  unnecessary to address plaintiff's request for additional time to cure the defect with respect to her

24  standing to sue on behalf of her father.[2]  Any extension of time in order to do so would be

25  rendered moot by the recommendation to grant defendants' motion for summary judgment.

26  ////

27

28  [2] The court assumes without deciding that plaintiff could cure this defect.

11

1   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to voluntarily dismiss

2   claim three based on the wrongful death of Mr. Wanless is granted.  Fed. R. Civ. P. 41(a)(2).

3   IT IS FURTHER RECOMMENDED that:

4   1.   Defendants' motion for summary judgement (ECF No. 41) be granted;

5   2.   Judgment be entered in defendants' favor; and,

6   3.   The clerk be directed to close this case.

7   These findings and recommendations are submitted to the United States District Judge

8   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9   after being served with these findings and recommendations, any party may file written

10   objections with the court and serve a copy on all parties.  Such a document should be captioned

11   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12   objections shall be served and filed within fourteen days after service of the objections.  The

13   parties are advised that failure to file objections within the specified time may waive the right to

14   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15   Dated:  August 31, 2021

16

17   CAROLYN K. DELANEY
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23   12/burk1578.msj.docx

24

25

26

27

28

12